Emigrant Bank v Rosabianca (2021 NY Slip Op 01844)





Emigrant Bank v Rosabianca


2021 NY Slip Op 01844


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 850136/14 Appeal No. 13432N Case No. 2020-01598 

[*1]Emigrant Bank, as Successor-by-Merger with Emigrant Savings Bank - Manhattan, Plaintiff-Appellant,
v
Luigi Rosabianca et al., Defendants, Secured Lending Corp., Defendant-Respondent.


Adam Leitman Bailey P.C., New York (Jeffrey R. Metz of counsel), for appellant.
The Cotter Law Group, Manhasset (Scott B. MacLagan and Jesse C. Cotter of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 8, 2019, to the extent it denied plaintiff's motion to strike defendant Secured Lending Corp.'s (SLC) answer and counterclaim on the ground that SLC failed to comply with a conditional dismissal order entered January 7, 2019, unanimously affirmed, with costs.
The language contained in the body of the January 7, 2019 order directing SLC to respond to plaintiff's October 26, 2016 post-deposition demands was not mirrored in the order's decretal paragraph, which stated that SLC's answer was stricken unless SLC responded to those demands within 30 days from service of a copy of the order. The motion court, which was in the best position to understand the import of its own orders, and which determined that SLC was not in violation of the January 2019 order, providently exercised its discretion in declining to strike SLC's answer and instead directing SLC to provide, within 10 days, a more particularized response to the demands, namely, setting forth any responsive documents to such demands, identifying which category the response was responsive to, and, if no such document existed, describing in detail the date, time, and location of the search and the manner in which the search was conducted, and identifying each person who conducted such search (see Gogos v Modell's Sporting Goods, Inc., 87 AD3d 248, 255 [1st Dept 2011] ["It is not the function of this Court to micromanage discovery proceedings in the trial parts, particularly where, as here, the remedy for nondisclosure is entrusted to the discretion of the motion court (CPLR 3126), and the order issued was well within the province of the court's discretion"]). Contrary to plaintiff's contention, the perceived inconsistency in the decisional and decretal parts of the order may be corrected on appeal (see Matter of Hyman, 78 AD3d 583, 584 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021